UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IZEAL ACKER,

    Plaintiff,

v.                                                CASE NO. 3:11-cv-221-J-34JBT

BAYTREE ON BAYMEADOWS d/b/a
Duke Properties, Inc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on *pro se* Plaintiff's Motions for Sanctions against Defendant ("Motions for Sanctions") (Docs. 73 & 74), Defendant's Responses thereto (Docs. 77 & 78), and Plaintiff's Reply (Doc. 88), titled "Plaintiff [sic] Motion in Response to Defendant [sic] Response in Opposition to Plaintiff [sic] Motion for . . . Sanction."[1] Plaintiff has also filed a Notice of Motion for a Hearing (Docs. 75 & 76) with respect to each Motion for Sanctions. To the extent these Notices request a hearing on the Motions for Sanctions, the Notices (Docs. 75 & 76) are due to be **DENIED** as a hearing is not necessary. The Motions for Sanctions (Docs. 73 & 74), which were brought pursuant to Rules 11 and 37 of the Federal

---

[1] Plaintiff's Reply was preceded by his Motion for Leave to Reply to Defendant's Response in Opposition to Plaintiff's Motion for Sanctions (Doc. 87), which was filed on the same day as the Reply. By filing the Reply without first obtaining leave of Court, Plaintiff violated Local Rule 3.01(c). However, in light of Plaintiff's *pro se* status, the Court will excuse this violation, grant the Motion for Leave to Reply to Defendant's Response in Opposition to Plaintiff's Motion for Sanctions, and consider the Reply.

Rules of Civil Procedure, are also due to be **DENIED**.

In short, Rule 11 is not a proper basis for the Motions for Sanctions because Plaintiff does not allege that Defendant and/or Defendant's attorney made a representation to the Court in violation of any of the requirements set forth in subsection (b) of the Rule, or that Defendant was provided with advance notice of the Motions as required by subsection (c).  Further, the Motions for Sanctions do not include a certification of good faith conference with opposing counsel prior to filing the Motions as required by Fed. R. Civ. P. 37 and Local Rule 3.01(g).

Even ignoring the aforementioned deficiencies, the first Motion for Sanctions is due to be denied at least because Plaintiff's request to produce, which was mistakenly titled a "subpoena," was not "properly served" on Defendant due to its mislabeling and untimeliness under the Court's Amended Case Management and Scheduling Order.  Fed. R. Civ. P. 37(d)(1)(A)(ii).  However, Defendant did respond to the subpoena, and in no way is its response sanctionable.  Nevertheless, the Court will order Defendant to serve a formal written response, within ten (10) days from the date hereof, to Plaintiff's "subpoena" and treat it as a request to produce.  Immediately after serving its written response, Defendant shall file with the Court a notice of compliance with this Order.

The second Motion for Sanctions is also due to be denied because Defendant's Responses and Objections to Plaintiff's Second Set of Interrogatories were timely, and Defendant's objection to producing documents relating to prior to

September 11, 2009 is not sanctionable. Furthermore, as to both Motions, the award of sanctions is discretionary, and the Court finds no sanctionable conduct on Defendant's part.

**I. Motion for Sanctions (Doc. 73)**

Plaintiff brings this Motion for Sanctions pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure for Defendant's alleged failure to respond to a "subpoena" that was hand-delivered on April 9, 2012. (*Id.*) The subject handwritten subpoena is attached to the Motion. (Doc. 73-1.) It seeks:

> All documents stored information or objects in your possession that relate to the (5) five employees of Duke Properties, Inc., The Willie Group and its subsidiaries, Parent Companies, etc., That your organization/association provides payroll services, or any compensation paid to the (5) five worker employees, who work at/for your properties, as Assistant Managers . . .
> The worker [sic] includes: James Maddox, Maureen, Maurice Belzer, Wand Vanek, Brian Williams[.]
> . . .
> This demand covers the time period of March 10th, 2008 through April 26, 2010.

(*Id.* at 2.)

The Court finds this Motion deficient in several respects. As an initial matter, the "subpoena" fails to comply with Fed. R. Civ. P. 45. It was not issued by the Clerk of Court or by an attorney. Fed. R. Civ. P. 45(a)(3). Further, before serving the subpoena, Plaintiff did not provide Defendant with notice as required by Fed. R. Civ. P. 45(b)(1). Finally, the subpoena did not "set out the text of Rule 45(c) and (d)," as required by Fed. R. Civ. P. 45(a)(1)(A)(iv). Nevertheless, even assuming that

3

Plaintiff's subpoena was proper under Rule 45 or, alternatively, that it should be construed as a request for production, the Motion is still due to be denied for the following reasons.

To the extent the Motion seeks sanctions pursuant to Rule 11(c), it will be denied because Plaintiff does not allege a violation of Rule 11(b), and Plaintiff did not provide Defendant with a 21-day notice before filing the Motion. In order to impose Rule 11(c) sanctions, the Court must determine that Rule 11(b) has been violated. However, Plaintiff does not allege that Defendant and/or Defendant's attorney presented to the Court "a pleading, written motion, or other paper" that made representations in violation of any of the requirements set forth in Rule 11(b). Although Plaintiff states in his Reply that "there have been [sic] a violation of [Rule] 11(b)" (Doc. 88 at 3), he fails to provide any details of this alleged violation. Therefore, Rule 11 is not a proper basis for the Motion.

Moreover, a motion for sanctions under Rule 11(c) "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The Declaration of Michele F. Martin, attorney for Defendant, provides that:

> Plaintiff failed to provide notice to Defendant prior to filing his Motion for Sanctions. Instead, Plaintiff simply filed his Motion immediately after Plaintiff telephoned Defendant's counsel and abruptly and in raised tones exclaimed that he was filing a motion for sanctions and then unilaterally terminated the telephone call by hanging up.

4

(Doc. 77-1 at 1.) Because there is no indication, from Plaintiff or otherwise, that Plaintiff provided Defendant with a 21-day notice pursuant to Rule 11(c), the Motion will also be denied on this basis.

To the extent Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37, the Motion does not "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1), (d)(1)(B); *see also* M.D. Fla. R. 3.01(g) (requiring the movant to "file with the motion a statement (1) certifying that the [movant] has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion").[2] However, even ignoring this deficiency, the Court will not exercise its discretion to impose sanctions because Plaintiff's request was mislabeled, untimely, and thus, not "properly served" within the time set forth in the Court's Amended Case Management and Scheduling Order.[3] Fed. R. Civ. P. 37(d)(1)(A)(ii). Moreover, Defendant did respond to the subpoena and in no way is its response sanctionable. Defendant first provided an oral response to Plaintiff that "none of the individuals were employees or assistant managers" of Defendant. (Doc. 77-1 at 2, ¶ 7.) In addition, Defendant

---

[2] Plaintiff's Reply provides: "Plaintiff state [sic] that he has obeyed the Local Rule 3.01(G) in that he contacted the defendant to meet the requirements of the rule 3.01(G)." (Doc. 88 at 1.) However, Plaintiff's after-the-fact, unsupported statement is insufficient to show that Plaintiff has in fact complied with the rule.

[3] The discovery deadline was May 4, 2012. (Doc. 68.)

supplemented its oral response apparently with a written statement that one of the subject individuals, Brian Williams, was an independent contractor rather than an employee of Defendant, and "a statement that the remaining individuals named in his 'subpoena' did not work for Defendant in any capacity during the relevant time period." (*See* Doc. 77 at 12 n.2.) Nevertheless, the Court will order Defendant to serve a formal written response, within ten (10) days from the date hereof, to Plaintiff's "subpoena" and treat it as a request to produce. Immediately after serving its written response, Defendant shall file with the Court a notice of compliance with this Order.

## II. Motion for Sanctions (Doc. 74)

Plaintiff's second Motion for Sanctions against Defendant and its attorney, if construed liberally, is also brought pursuant to Rules 11 and 37 of the Federal Rules of Civil Procedure. (*See id.*) In this Motion, Plaintiff asserts that Defendant's May 15, 2012 Responses and Objections to Plaintiff's Second Set of Interrogatories (Doc. 74-2), which were propounded on April 16, 2012, were untimely because they were filed after the discovery deadline of May 4, 2012. (Doc. 74.) Plaintiff also alleges that Defendant made a misrepresentation that the first act of discrimination occurred on September 11, 2009, when it actually occurred in April/May 2008. (*Id.*) The Court finds no merit in Plaintiff's arguments. Therefore, Plaintiff's second Motion for Sanctions is also due to be denied.

First, the Court does not find that Defendant's Responses and Objections to

Plaintiff's Second Set of Interrogatories were untimely. Rather, pursuant to the Court's Amended Case Management and Scheduling Order, Plaintiff's April 16, 2012 Interrogatories were untimely because they required a response by Defendant beyond the discovery deadline. (*See* Doc. 68 at 2 ("All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date.").) Thus, Plaintiff's Interrogatories were untimely. Nevertheless, in accordance with Fed. R. Civ. P. 33(b)(2),[4] Defendant served its Responses and Objections on May 15, 2012, or within 30 days after being served with the Interrogatories.[5] (Doc. 74-2.) Therefore, Defendant's Responses and Objections were timely.

Second, the Court does not find that Defendant made a misrepresentation by objecting to Plaintiff's Interrogatories to the extent they sought information relating to prior to September 11, 2009. As shown by Plaintiff's charge with the EEOC, the first act of discrimination allegedly occurred on September 11, 2009. (Doc. 79-1.) Therefore, Defendant's objection to producing documents prior to that date was not sanctionable.

Although Plaintiff brought his Motion pursuant to Rules 11 and 37, neither rule is applicable to the situation at hand. As stated earlier, Rule 11 would apply only if

---

[4] Plaintiff's Second Set of Interrogatories also provides that answers are due within 30 days from the date of service. (Doc. 74-1 at 1.)

[5] Plaintiff did not move for an order shortening Defendant's response time.

Plaintiff alleged that Defendant and/or Defendant's attorney presented to the Court "a pleading, written motion, or other paper" that made representations in violation of any of the requirements set forth in Rule 11(b), *and* Plaintiff provided Defendant with a 21-day notice prior to filing the Motion. Plaintiff's Motion alleges neither of these requirements.[6] (*See* Doc. 74; *see also* Doc. 78-1 at 1 ("Although Plaintiff hand delivered his Motion for Sanctions, Plaintiff failed to provide notice to Defendant prior to filing his Motion for Sanctions.").) Accordingly, Rule 11 is not a proper basis for the Motion.

Further, Rule 37 is also not a proper basis for seeking sanctions even if the Court construes Plaintiff's Motion liberally. As stated earlier, pursuant to Rule 37 and Local Rule 3.01(g), before filing a motion, the movant must confer in good faith with opposing counsel in an effort to obtain the requested relief without Court involvement, and must include a certification to that effect in the motion. Fed. R. Civ. P. 37(a)(1), (d)(1)(B); M.D. Fla. R. 3.01(g). Plaintiff's Motion does not include such a certification. Plaintiff's after-the-fact, unsupported statement in his Reply that "he has obeyed the Local Rule 3.01(G)" (Doc. 88 at 1), is insufficient to show compliance with the rule.

Moreover, even ignoring this deficiency, the proper procedural mechanism for seeking relief would be a motion to compel Defendant's Answers to Interrogatories,

---

[6] As stated earlier, although Plaintiff's Reply provides that "there have been [sic] a violation of [Rule] 11(b)" (Doc. 88 at 3), he fails to provide any details of this alleged violation.

not a motion for sanctions. *See* Fed. R. Civ. P. 37(a). However, a motion to compel would be untimely pursuant to the Court's Amended Case Management and Scheduling Order. (Doc. 68 at 2 ("All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date. Specifically, motions to compel brought pursuant to Rule 37 must be filed <u>no later than</u> the close of discovery.") (emphasis in original).) Thus, it appears that Plaintiff may have filed the Motions for Sanctions as a way to avoid this deadline. At any rate, Plaintiff's second Motion for Sanctions is also due to be denied because the Court finds no sanctionable conduct on Defendant's part.

Accordingly, it is **ORDERED**:

1. The Motions for Sanctions (**Doc. 73 & 74**) are **DENIED**.

2. The Notices (**Docs. 75 & 76**), construed as motions for a hearing on the Motions for Sanctions, are **DENIED**.

3. The Motion for Leave to Reply to Defendant's Response in Opposition to Plaintiff's Motion for Sanctions (**Doc. 87**) is **GRANTED**.

4. **On or before July 2, 2012**, Defendant shall serve a formal written response to Plaintiff's "subpoena" and treat it as a request to produce. Immediately after serving its written response, Defendant shall file with the Court a notice of compliance with this Order.

**DONE AND ORDERED** at Jacksonville, Florida, on June 22, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

*Pro Se* Party

Counsel of Record